IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      No. CIV 07-0030 MV/RHS
                                      CR 83-70 JB

ANTONIO GONZALES-ESPINOSA,

        Defendant.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court on Defendant's Motion To Vacate, Set Aside, Or Correct A Sentence For A Person In Federal Custody Pursuant To Title 28, United States Code, Section 2255 (CV Doc. 1) and on his Motion To Request Permission To File An Out Of Time Motion Pursuant To Title 28, United States Code, Section 2255 (CV Doc. 2) ("motion for extension"), both filed January 8, 2007. More than twenty-three years ago, Defendant entered his guilty plea, and on July 13, 1983, this Court imposed sentence and entered judgment on Defendant's conviction. Defendant did not appeal his conviction or sentence. He now asks to be allowed to prosecute a motion under 28 U.S.C. § 2255.

        "Congress has expressly limited the time in which a prisoner can bring a § 2255 motion to one year after his conviction becomes final, and any extension of this time period contravenes Congress' clear intent to accelerate the federal habeas process." *Washington v. United States*, No. 99-3383, 2000 WL 985885, at \*\*2 (10th Cir. July 18, 2000) (denying tolling for inability to obtain transcripts). And, typically, equitable tolling may be determined only after a §2255 motion is filed. *See United*

*States v. Verners*, No. 01-5000, 2001 WL 811719, at \*\*2 (10th Cir. July 17, 2001).  No opinion is expressed or implied herein as to the expiration date of the one-year limitation period applicable to Defendant's sentence.  *See United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000) (holding that criminal conviction is not final until until ninety days after disposition of appeal).

      The dates above indicate that Defendant filed his motion long after expiration of the one-year limitation period in § 2255.  His claims are thus barred and must be dismissed unless there is a basis for equitable tolling.  *United States v. Cordova*, No. 99-1306, 1999 WL 1136759, at \*\*1 (10th Cir. Dec 13, 1999).  The Court raises the time bar to this § 2255 motion sua sponte and, typically, would allow Defendant an opportunity to respond.  *See Hare v. Ray*, No. 00-6143, 2000 WL 1335428, at \*\*1 (10th Cir. Sept. 15, 2000) (noting that timeliness was raised sua sponte and allowing response); *Hines v. United States*, 971 F.2d 506, 507-09 (10th Cir. 1992) (same for procedural default).  Here, in his motion for extension Defendant has already made his argument for excusing for the lengthy delay.  His sole ground is that he escaped from custody shortly after his conviction and was recently reincarcerated.

      Defendant's allegations do not support equitable tolling of the limitation period applicable to his § 2255 motion.  "Equitable tolling 'is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.' "  *United States v. Glenn*, No. 01-5138, 2003 WL 1232586, at \*\*1 (10th Cir. Mar. 18, 2003) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)).  Defendant makes no allegation that his escape from custody was beyond his control, and, for purposes of equitable tolling analysis, his escape is nearly the exact opposite of diligent pursuit of claims against his conviction.  The Court will deny Defendant's motion for extension and will dismiss the § 2255 motion.

IT IS THEREFORE ORDERED that Defendant's Motion To Request Permission To File An Out Of Time Motion Pursuant To Title 28, United States Code, Section 2255 (CV Doc. 2) ("motion for extension"), filed January 8, 2007, is DENIED;

IT IS FURTHER ORDERED that Defendant's Motion To Vacate, Set Aside, Or Correct A Sentence For A Person In Federal Custody Pursuant To Title 28, United States Code, Section 2255 (CV Doc. 1) filed January 8, 2007, is DISMISSED with prejudice as untimely; and in accordance with Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE